[S. F. No. 1707.   Department Two.—December 18, 1900.]

## THOMAS GIBSON, Respondent, v. BARCLAY HENLEY, Appellant.

LAW PARTNERSHIP—EMBEZZLEMENT OF CLIENT'S MONEY—LIABILITY OF INNOCENT PARTNER—STATUTE OF LIMITATIONS.—A member of a law firm who is wholly innocent of a fraudulent embezzlement by his copartner of funds of the plaintiff received by such copartner, the embezzlement of which was known to the plaintiff less than three years and more than two years before the commencement of the action, is not liable to an action grounded upon the fraud, which is subject to the limitation of three years from its discovery, but is only liable to an action against the partnership grounded merely upon the firm's obligation for money had and received, and for damages, if any, caused by the fraud of the copartner, which is subject to the limitation of two years, and is barred by the lapse thereof after the cause of action accrued.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   W. R. Daingerfield, Judge.

The facts are stated in the opinion.

Henley & Costello, and Crittenden Thornton, for Appellant.

Samuel Knight, for Respondent.

SMITH, C.—The appellant, Henley, was sued as a member of the law firm of Henley & McSherry, doing business in San Francisco during the year 1892-93, and judgment recovered against him for six hundred and two dollars and fifty cents and costs.   McSherry was made party to the complaint, but was not served.   The suit was commenced February 4, 1896, within three years, but not within two years of the accrual of the cause of action.   The defendant pleaded the two years statute.

(Code Civ. Proc., sec. 339.) The sole question involved in this appeal is as to the bar of the statute pleaded; and this, again, turns upon the question whether the action is to be regarded as an action for relief on the ground of fraud or merely as an action on contract, or for money had and received. If the latter, the action is barred; otherwise not. The facts on which the question turns are as follows: Henley and McSherry and one Hart of New York were attorneys for the plaintiff in the matter of an estate in process of settlement in Brooklyn, New York, in which plaintiff was interested. Hart, on or about February 8, 1893, having collected the money coming to the plaintiff, transmitted to Henley and McSherry, by mail, a check for four hundred and forty-five dollars, payable to the order of the plaintiff. This check was received by McSherry, who, it is found, obtained and embezzled the money. The plaintiff did not learn the fact of the embezzlement of the money until June 2, 1893, within three years, but not within two years of the commencement of the suit, which occurred February 4, 1896.

There is no allegation that the defendant, Henley, participated in, or knew of, or received the benefit of, the money embezzled; indeed, it is expressly found that he did not know of it until on or about November 25, 1893.

On this state of facts it is very clear that there is no cause of action for fraud against the defendant Henley. The complaint shows a fraud committed by his partner McSherry, but it is not pretended that Henley was in any way connected with it, otherwise than by the existence of the partnership relation. By force of this relation he became responsible for the money received by McSherry, and also for the damages caused by the fraud, if any; but he did not become guilty of the fraud, nor could he be sued directly for it. There are certain cases where all the members of a firm become *particeps criminis* in a tort, and may be jointly sued. But this is not the case where the only liability for the tort arises out of the partnership relation. In such cases they are responsible only on the principle of agency. (1 Lindley on Partnership, 147, 149, 150 et seq.; 1 Bates on Partnership, secs. 467, 468, 474-78; Civ. Code, secs. 2330, 2431, 2443.) Thus, e. g., where a trespass has been com-

mitted by one of the partners in the conduct of the firm business, the offending partner may be sued in trespass, or all the partners jointly in case, but not in trespass. (*Moreton v. Hardern,* 4 Barn. & C. 226.) So in the present case the plaintiff might have sued McSherry for the fraud, but could not have joined Henley; or he might sue both on the firm obligation, as he has, in fact, done. It follows that the action was barred by the statute; and as this appears from the specific facts found, a new trial will be unnecessary.

I advise that the judgment be reversed and the cause remanded, with directions to the lower court to enter judgment on the findings for the defendant.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed and the cause remanded, with directions to the lower court to enter judgment on the findings for the defendant.                    Henshaw, J., Temple, J., McFarland, J.